REGINA J. McCLENDON (State Bar No. 184669)
HAROLD R. JONES (State Bar No. 209266)
hrj@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
Triad Financial Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| SHATION MURPHY, | ) | Case No. 05CV 1866 BEN (AJE) |
| | ) | |
| Plaintiff, | ) | [proposed] PROTECTIVE ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| REPOSSESSION SPECIALISTS, INC., dba | ) | |
| ABA RECOVERY SERVICES, INC., and | ) | |
| TRIAD FINANCIAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        The Court recognizes that at least some of the documents and information ("materials")

being sought through discovery in the above-captioned action are, for competitive reasons,

normally kept confidential by the parties.  The parties have agreed to be bound by the terms of

this Protective Order ("Order") in this action.

        The materials to be exchanged throughout the course of the litigation between the parties

                                                            Case No. 05CV 1866 BEN (AJE)

may contain trade secret or other confidential commercial information, as is contemplated by the

Federal Rule of Civil Procedure 26(c) (7).  The purpose of this Order is to protect the

confidentiality of such materials as much as practical during the litigation.  THEREFORE:

DEFINITIONS

1.        The term "Confidential Information" shall mean and include information

contained or disclosed in any materials, including documents, portions of documents, answers to

interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and

transcripts of trial testimony and depositions, including data, summaries, and compilations

derived therefrom that is deemed to be Confidential Information by any party to which it

belongs.

2.        The term "materials" shall include, but shall not be limited to:  documents;

correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other

material that identify customers or potential customers; price lists or schedules or other matter

identifying price lists or schedules or other matter identifying pricing; minutes; telegrams;

letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets;

notes of conversations; desk diaries; appointment books; expense accounts; recordings;

photographs; motion pictures; compilations from which information can be obtained and

translated into reasonably usable form through detection devices; sketches; drawings; notes

(including laboratory notebooks and records); reports; instructions; disclosures; other writings;

models and prototypes and other physical objects.

3.        The term "counsel" shall mean outside counsel of record, and other attorneys,

paralegals, secretaries, and other support staff employed in the law firms identified below:

Case No. 05CV 1866 BEN (AJE)

Hyde and Swigart, Berman, Berman & Berman, LLP and Severson and Werson.  ["Counsel"

shall also include in-house attorneys for Triad Financial Corporation.]

GENERAL RULES

4.      Each party to this litigation that produces or discloses any materials, answers to

interrogatories, responses to requests for admission, trial testimony, deposition testimony, and

transcripts of trial testimony and depositions, or information that the producing party believes

should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

5.      Designation as "CONFIDENTIAL": Any party that may designate information as

"CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the

unrestricted disclosure of such information could be potentially prejudicial to the business or

operations of such party.

6.      In the event the producing party elects to produce materials for inspection, no

marking need be made by the producing party in advance of the initial inspection.  For purposes

of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL," and

shall be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of

specified materials for copying by the inspecting party, the producing party shall within a

reasonable time prior to producing those materials to the inspecting party, mark the copies of

those materials that contain Confidential Information within the appropriate confidentiality

marking.

7.      Whenever a deposition taken on behalf of any party involves a disclosure of

Confidential Information of any party:

   a.      said deposition or portions thereof shall be designated as containing

Case No. 05CV 1866 BEN (AJE)

Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL;"

b.      the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates) the court reporter, and the person(s) agreed upon pursuant to paragraph 9 below; and

c.      the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8.      All Confidential Information designated as "CONFDIENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9.      Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts, and by the additional individuals listed below, providing each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

Case No. 05CV 1866 BEN (AJE)

(a)     Executives who are required to participate in policy decisions with reference to this action;

(b)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

(c)     Stenographic and clerical employees associated with the individuals identified above.

10.     With respect to material designated "CONFIDENTIAL" any person indicated on the face of the document to be its originator, author or a recipient of a coy thereof, may be shown the same.

11.     All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal.  The parties will follow and abide by applicable law, including Civ. L.R. 7.3, with respect to filing documents under seal in this Court.

13.     At any stage of these proceedings, any party may object to a designation of the

Case No. 05CV 1866 BEN (AJE)

materials as Confidential Information.  The party objecting to confidentiality shall notify, in

writing, counsel for the designating party of the objected-to materials and the grounds for the

objection.  If the dispute is not resolved consensually between the parties within seven (7)

business days of receipt of such a notice of objections, the objecting party may move the Court

for a ruling on the objection.  The materials at issue shall be treated as Confidential Information,

as designated by the designating party, until the Court has ruling on the objection or the matter

has been otherwise resolved.

14.     All Confidential Information shall be held in confidence by those inspecting or

receiving it, and shall be used only for purposes of this action.  Counsel for each party, and each

person receiving Confidential Information shall take reasonable precautions to prevent the

unauthorized or inadvertent disclosure of such information.  If Confidential Information is

disclosed to any person other than a person authorized by this Order, the party responsible for

the unauthorized disclosure must immediately bring all pertinent facts relating to the

unauthorized disclosure to the attention of the other parties and, without prejudice to any rights

and remedies of the other parties, make every effort to prevent further disclosure by the party

and by the person(s) receiving the unauthorized disclosure.

15.     No party shall be responsible to another party for disclosure of Confidential

Information under this Order if the information in question is not labeled or otherwise identified

as such in accordance with this Order.

16.     If a party, through inadvertence, produces any Confidential Information without

labeling or making or otherwise designating it as such in accordance with this Order, the

designating party may give written notice to the receiving party that the document or thing

Case No. 05CV 1866 BEN (AJE)

produced is deemed Confidential Information, and that the document or thing produced should

be treated as such in accordance with that designation under this Order.  The receiving party

must treat the materials as confidential, once the designating party so notifies the receiving party.

If the receiving party has disclosed the materials before receiving the designation, the receiving

party must notify the designating party in writing of each such disclosure.  Counsel for the

parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently

produced materials as "CONFIDENTIAL."

17.     Nothing herein shall prejudice the right of any party to object to the production of

any discovery material on the grounds that the material is protected as privileged or as attorney

work product.

18.     Nothing in this Order shall bar counsel from rendering advice to their clients with

respect to this litigation and, in the course thereof, relying upon any information designated as

Confidential Information, provided that the contents of the information shall not be disclosed.

19.     This Order shall be without prejudice to the right of any party to oppose

production of any information for lack of relevance or any other ground other than the mere

presence of Confidential Information.  The existence of this Order shall not be used by either

party as a basis for discovery that is otherwise improper under the Federal Rules of Civil

Procedure.

20.     Nothing herein shall be construed to prevent disclosure of Confidential

Information if such disclosure is required by law or by order of the Court.

21.     Upon final termination of this action, including any and all appeals, counsel for

each party shall, upon request of the producing party, return all Confidential Information to the

Case No. 05CV 1866 BEN (AJE)

party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth herein shall not apply to any information that:  (a) the parties agree should not be designated Confidential Information; (b)  the parties agree, or the Court rules, is already public knowledge; (c)  the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24.     Transmission by facsimile is acceptable for all notification purposes herein.

25.     This Order may be modified by agreement of the parties, subject to approval by the Court.

Case No. 05CV 1866 BEN (AJE)

26.     The Court may modify the terms and conditions of this Order for good cause, or

in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer

that the Court provide them with notice of the Court's intent to modify the Order and the content

of those modifications, prior to entry of such an order.

[signatures on next page]

THE PARTIES SO STIPULATE,

DATED:  November 10, 2006         SEVERSON & WERSON
                                 A Professional Corporation


                                 By:          /s/  Harold R. Jones
                                        Harold R. Jones

                                 Attorneys for Defendant
                                 TRIAD FINANCIAL CORPORATION



DATED:  November 3, 2006          HYDE & SWIGART


                                 By:    /s/ Joshua B. Swigart
                                        Joshua B. Swigart

                                 Attorneys for Plaintiff
                                 SHATION MURPHY



DATED:  November 3, 2006          BERMAN, BERMAN & BERMAN LLP


                                 By:    /s/ Mark E. Lowary
                                        Mark E. Lowary

                                 Attorneys for Defendant
                                 REPOSSESSION SPECIALISTS, INC. DBA
                                 ABA RECOVERY SERVICE, INC.


                                              Case No. 05CV 1866 BEN (AJE)

IT IS SO ORDERED this 22nd day of November, 2006.

_____
Magistrate Judge, United States District Court

Case No. 05CV 1866 BEN (AJE)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHATION MURPHY,                                    )          Case No.:  05CV 1866 BEN (AJB)
                                                   )
                    Plaintiff,                     )          DECLARATION RE COMPLIANCE
                                                   )          WITH PROTECTIVE ORDER
        vs.                                        )
                                                   )
REPOSESSION SPECIALISTS, INC., dba )
ABA RECOVERY SERVICES, INC., and )
TRIAD FINANCIAL CORPORATION,       )
                                                   )
                    Defendants.                    )
_____)

        I, _____, declare and say that:

        1.      I am employed as _____ by

_____

        2.      I have read the Protective Order entered in _____ v.

_____, Case No. _____,

_____ and have received a copy of the Protective Order.

        3.      I promise that I will use any and all "Confidential" information, as defined in the

Protective Order, given to me only in a manner authorized by the Protective Order, and only to

assist counsel in the litigation of this matter.

        4.      I promise that I will not disclose or discuss such "Confidential" information with

anyone other than the persons described in paragraphs 3, 9 and 10 of the Protective Order.

        5.      I acknowledge that, by signing this agreement, I am subjecting myself to the

jurisdiction of the United States District Court for the Southern District of California with

                                                             Case No. 05CV 1866 BEN (AJE)

respect to enforcement of the Protective Order.

      6.    I understand that any disclosure or use of "Confidential" information in any

manner contrary to the provisions of the Protective Order may subject me to sanctions for

contempt of court.

      I declare under penalty of perjury that the foregoing is true and correct.


Date:  _____     _____


Case No. 05CV 1866 BEN (AJE)