cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHATION MURPHY,<br><br>                    Plaintiff,<br>v.<br><br>REPOSSESSION SPECIALISTS, INC., dba<br>ABA RECOVERY SERVICES, INC.;<br>TRIAD FINANCIAL CORPORATION,<br><br>                    Defendants.<br>_____<br>AND ALL RELATED COUNTER-CLAIMS. | Civil No.05cv1866 BEN (AJB)<br><br>Report and Recommendation Granting<br>Application for Determination of Good<br>Faith Settlement<br>[Doc. No. 30] |

   Defendant, Repossession Specialists, Inc. DBA ABA Recovery Service, Inc. filed an application with the Court, pursuant to California Code of Civil Procedure § 877.6(a)(2) for an order:

   1.   That the settlement between Defendant Repossession Specialists, Inc. DBA ABA Recovery Service, Inc. and Plaintiff Shation Murphy is in good faith within the meaning of California Code of Civil Procedure § 877.6;

   2.   That all pending and future cross-complaints for implied or equitable indemnity against Repossession Specialists, Inc. DBA ABA Recovery Service, Inc. be dismissed with prejudice; and

   3.   That all actual and potential claims by any other actual or potential parties against Repossession Specialists, Inc. DBA ABA Recovery Service, Inc. for partial or compara-tive indemnity, including total or whole indemnity, equitable or comparative contribu-

tion, partial or comparative indemnity, comparative negligence or comparative fault or declaratory relief and negligence be dismissed with prejudice.

Initially Co-Defendant and Counter Claimant, Triad Financial Corporation, filed a response [Doc. No. 37] to Repossession Specialists, Inc.'s Application for Good Faith Settlement Determination objecting to the application on the grounds that Plaintiff had not yet executed the amended release in this matter, so any determination would be premature until the final settlement agreement and amended release were signed by the Plaintiff.  On March 19, 2007, Repossession Specialists, notified the Court and Triad Financial Corporation that Plaintiff executed the amended release.  Triad Financial Corporation has since filed an Amended Response [Doc. No. 40] to Repossession Specialists' Application for Determination of Good Faith Settlement indicating that they no longer object to the application.

### *Discussion*

When making good faith determinations the federal court may, in its discretion, conduct a hearing pursuant to C.C.P. § 877.6 to determine if the settlement is being entered into in good faith. *Federal Sav. & Loan Ins. Co. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).  The *Butler* court noted that while C.C.P. § 877.6 procedures do not govern a federal court action, even if there is a provision for California law to govern the settlement agreement, the discretion remains.

The standards to be applied by a court under section 877.6 when making a determination on a good faith settlement are: (1) the amount of the settlement; (2) a rough approximation of plaintiff's total recovery and the settlers proportionate liability; (3) allocation of settlement proceeds among the plaintiff's settlement; (4) the settlers financial condition and insurance limits; (5) evidence of fraud or collusion; and (5) a recognition that a settler should pay less in settlement that he would if he were found liable at trial. *See Tech-Built, Inc. v. Woodward Clyde and Associates*, 38 Cal.3d 488 (1985).

Pursuant to California Code of Civil Procedure Section 877.6(a)(2):

[A] settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested. Proof of service shall be filed with the court. Within 25 days of the mailing of the notice, application, and proposed order, or

within 20 days of personal service, a non-settling party may file a notice of motion to contest the good faith of the settlement. If none of the non-settling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement. The notice by a non-settling party shall be given in the manner provided in subdivision (b) of Section 1005. However, this paragraph shall not apply to settlements in which a confidentiality agreement has been entered into regarding the case or the terms of the settlement.  Cal. Civ. Proc. Code § 877.6(a)(2) (2007). On December 11, 2006, Defendant Repossession Specialists, Inc. filed a Notice of Settlement and an Application for Determination of Good Faith Settlement. [Doc. No. 29 and 30].

Upon review of the settlement agreement reached in this case in light of the *Tech-Built* factors set forth above and the non-opposition of co-defendants Triad Financial Corporation, this Court finds that the settlement reached by and between Plaintiff and Defendant, Repossession Specialists, Inc. DBA ABA Recovery Service, Inc., to have been made in good faith in accordance with the requirements set forth in *Tech-Built* and Section 877.6.

### *Conclusion*

Having reviewed the papers and given the non-opposition by Defendant Triad Financial Corporation, the Court recommends that the Defendant, Repossession Specialists, Inc. DBA ABA Recovery Service, Inc., Application for Determination of Good Faith Settlement be GRANTED. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Any party may file written objections with the Court and serve a copy on all parties by *April 2, 2007*.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by *April 16, 2007*.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

DATED:  March 26, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court